UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNICE A. PALM,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. C13-2017 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Bernice A. Palm appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously found her substance abuse was material for the entire time period relevant to her benefits application, and that she had the residual functional capacity ("RFC") to perform medium work. Dkt. 17 at 2. As discussed below, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

**BACKGROUND**

At steps one and two of the disability evaluation process, the ALJ found Ms. Palm last engaged in substantial gainful activity in April 2009, and that lumbar degenerative disc disease, organic brain syndrome, affective disorder and substance abuse were severe impairments. Tr. 20-22. At step three, the ALJ found with the inclusion of substance abuse, Ms. Palm's mental

REPORT AND RECOMMENDATION - 1

impairments met the requirements of a Listed Impairment. Tr. 23. However, the ALJ determined that if Ms. Palm stopped abusing substances, her remaining mental impairments—brain syndrome and affective disorder—would not meet the requirements of a Listed Impairment. *Id.* The ALJ also separately considered, at step three, Ms. Palm's physical impairment—lumbar degenerative disc disease—and concluded it did not meet the requirements of the Listings because there was "no evidence it results in compromise of a nerve root or the spinal cord. There is no evidence of sensory or reflex loss, spinal arachnoiditis, or stenosis resulting in psuedoclaudication." Tr. 23. At steps four and five the ALJ found Ms. Palm had the RFC to perform medium work subject to several postural and non-exertional limitations, Tr. 24, and that with this RFC, she could perform past relevant work as a housekeeper, and alternatively other jobs in the national economy if she stopped using substances. Tr. 32-34. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. Tr. 6.[1]

**DISCUSSION**

**A.     The ALJ did not Harmfully Err in Evaluating Substance Abuse**

Ms. Palm contends the ALJ erroneously found her drug abuse or alcoholism ("DAA") was material during the entire time period relevant to her disability claim. As discussed below, even assuming the ALJ so erred the Court recommends affirming the ALJ because Ms. Palm has not shown the error was harmful.

An ALJ must evaluate a claimant's DAA in a particular way. If the ALJ finds a claimant has a substance abuse disorder and is disabled, the ALJ must then determine whether the claimant's DAA is material to the determination of disability. 20 C.F.R. § 416.935; SSR 13–2p at ¶ 8(b)(i) (Feb. 20, 2013), available at 2013 WL 621536. That is, the ALJ must perform the

---

[1] Other portions of the procedural history of the case are not at issue and therefore are not discussed.

REPORT AND RECOMMENDATION - 2

sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if she would still be disabled if she stopped using drugs or alcohol. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir.2001).  If after performing this second evaluation the ALJ determines a claimant's remaining limitations would not be disabling, the ALJ must find the claimant's DAA was a contributing factor material to the determination of disability and find the claimant not disabled.  20 C.F.R. § 416.935(b)(2)(i), 42 U.S.C. §§ 423(d)(2)(C) & 1382(a)(3)(J).  However, if the ALJ determines a claimant's remaining limitations **are** disabling, the ALJ must find the claimant's DAA is a **not** a contributing factor material to the determination of disability and find the claimant disabled. 20 C.F.R. § 416.935(b)(2)(ii).

Here, the ALJ found Ms. Palm's DAA was a severe impairment, that with the inclusion of DAA, Ms. Palm's mental conditions met the requirements of a Listed impairment, and that she was thus disabled.  Consistent with *Bustamante*, the ALJ then assessed the impact of Ms. Palm's DAA and determined that if she stopped using substances the remaining severe mental impairments would no longer meet the Listings, and that Ms. Palm would instead retain the RFC to perform medium work subject to a number of limitations.  Tr. 25.  Ms. Palm contends these findings are not supported by substantial evidence because she stopped using substances in May 2011, seventeen months before the October 30, 2012, hearing the ALJ conducted, Dkt. 17 at 4-6, and that the ALJ thus erred in "finding that DAA materiality applied during the later period which, by the time of the hearing [   ], comprised over a year and a half." *Id*. at 5.

The argument lacks merit.  The ALJ found that minus substance abuse, Ms. Palm's mental impairments did not meet the Listings, Tr. 23, and that she had the mental RFC to maintain sufficient concentration to understand, remember, and carry out simple repetitive tasks and respond appropriately to the pressures of routine repetitive work; that she can work with the

REPORT AND RECOMMENDATION - 3

general public on a superficial and occasional basis; and that she can respond to supervisors and work in proximity to coworkers but not in coordination with them. Tr. 24. In her opening brief, Ms. Palm did not challenge these findings for the time period up to May 2011; rather, her sole argument was the ALJ erred because DAA was not material to the time period after May 2011. Dkt. 17 at 6. This however is a conclusory argument as Ms. Palm presents no evidence of record showing that the ALJ erred in assessing the severity of her mental impairments for the time period after May 2011. She thus presents nothing to support the argument that the ALJ's DAA materiality determination for the time period after May 2011, even if erroneous, harmed her. She reraises a similar conclusory contention in her Reply brief arguing that "in light of the ALJ's flawed application of the DAA rules, a finding of disability for the entire time period at issue is supported." Dkt. 19 at 2. But, this argument is made without anything establishing that the ALJ's DAA analysis for the time period after May 2011 was harmful, i.e., that Ms. Palm's mental health problems worsened, that due to a worsening of her mental health problems the ALJ misevaluated her mental limitations for the time period after May 2011, and that putting the materiality of DAA aside, her remaining limitations were disabling, or more severe than the ALJ found.

In short, the Court concludes that Ms. Palm has failed to meet her burden of showing the ALJ harmfully erred in finding that DAA was material to the entire relevant period, and that the ALJ's treatmentpof DAA should therefore be affirmed. *See Molina v. Astrue*, 674 F.3d 1104, (9th Cir. 2012) (party attacking an agency's determination carries burden of showing the an error is harmful).

**B.     The ALJ did not Err in Finding Ms. Palm Could Perform Medium Work**

Ms. Palm argues the ALJ harmfully erred by not adequately explaining her finding that

REPORT AND RECOMMENDATION - 4

Ms. Palm could perform medium work. Dkt. 17 at 6-7. The record does not support the argument. The medical evidence regarding Ms. Palm's exertional or physical limitations is thin. The ALJ noted examining doctor Katherine Morino, M.D., and reviewing doctor James Greco, M.D., both opined Ms. Palm had no "severe physical impairment," i.e., that the doctors believed Ms. Palm had no physical or exertional limitations. Tr 30 (citing to Tr. 504 and 515). The ALJ, however, rejected these opinions on the grounds that the medical record contained x-ray test results establishing Ms. Palm had multilevel lumbar degenerative disc disease, and that her disc degeneration was severe at L5-S1. Tr. 30. Based on the medical record, the ALJ concluded Ms. Palm's lumbar condition was "severe." *Id.* The ALJ also concluded that although Ms. Palm's back problem was a severe impairment, she retained the RFC to perform medium work based on the "longitudinal medical evidence and the claimant's level of daily living." *Id.*

Ms. Palm argues this explanation is so inadequate that the ALJ's RFC determination is "arbitrary." Dkt. 17 at 7. The argument fails for several reasons. First, Ms. Palm points to nothing in the record that would undermine the ALJ's determination that she could perform medium work. Second, the ALJ's determination is supported by substantial evidence, i.e., relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Here the ALJ discussed the medical evidence and Ms. Palm's activities. Tr. 25-29. The ALJ noted the record showed she was "'quite active at her job and home' (Exhibit 11F, p.1)," and that she was independent in her basic activities of daily living including being a caregiver to her mother, and could "go grocery shopping (pushing cart and grabbing items off shelves)." Tr. 27-28. The ALJ also noted that according to Ms. Palm's medical records, she was walking around Green Lake (2.8 miles) every other day for exercise, Tr. 28, and that in November 2011, Ms. Palm reported

REPORT AND RECOMMENDATION - 5

1  that her housing cleaning business was doing "OK."  Tr. 29 (Referencing Evergreen Treatment

2  Services records).  The ALJ concluded Ms. Palm's "inability to engage in her housecleaning

3  business was more likely due to her legal problems/probation precluding her from working in

4  other's homes," not medical reasons.  Tr. 29.  Ms. Palm has not challenged these findings and

5  Court concludes that it was not unreasonable[2] for the ALJ to find that based on the medical

6  record and Ms. Palm's activities, Ms. Palm retained the RFC to perform medium work.

7  Accordingly, the Court affirms the ALJ's finding that Ms. Palm had the RFC to perform medium

8  work.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.  A proposed order accompanies this Report and Recommendation.  Objections to this Report and Recommendation must be filed and served no later than **August 7, 2014.**  If no objections are filed, the clerk should note the matter for **August 8, 2014** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed **seven** pages.  The failure to timely object may affect the right to appeal.

Dated this 24th day of July, 2014.

---

[2] Even if the evidence supporting the ALJ's findings were susceptible to more than one rational interpretation, the Court is required to uphold the ALJ's findings as they are supported by reasonable inferences drawn from the record.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008),

REPORT AND RECOMMENDATION - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

                    BRIAN A. TSUCHIDA
                    United States Magistrate Judge